## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHANNON SUTTON and** | : | **No. 3:15cv54** |
| **MARC SUTTON,** | : | |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **ALLSTATE INSURANCE COMPANY,** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court for disposition is defendant's motion to dismiss and strike pursuant to Federal Rule of Civil Procedure 12. (Doc. 4). For the following reasons, the court will deny defendant's motion.

## Background

This matter arises out of a rejected claim on a homeowners insurance policy. On April 15, 2015, a retaining wall at the home of Plaintiffs Marc and Shannon Sutton (hereinafter "plaintiffs") collapsed, causing $32,096 in damage. (Doc. 2, Compl. ¶¶ 1-2, 7-8). Plaintiffs filed a claim with defendant, plaintiffs' homeowners insurance carrier. (Id. ¶¶ 9-10). Defendant rejected plaintiff's claim on April 30, 2014. (Id. ¶ 11).

Plaintiffs filed suit in the Court of Common Pleas of Lackawanna County, Pennsylvania, on December 16, 2014. (Doc. 2, Compl.). The complaint alleges breach of contract (Count I) and statutory bad faith under

Pennsylvania law (Count II), and demands compensatory and punitive

damages.  (Id. at ¶¶ 12-24).

Defendant removed the case to this court on January 8, 2015.  (Doc.

1).  Defendants filed the instant motion on January 12, 2015, seeking to

strike Count II, the bad faith claim.  (Doc. 4).  The matter has been fully

briefed and is ripe for disposition.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C.

§ 1332.  Plaintiffs Shannon and Marc Sutton are citizens of Pennsylvania.

(Compl. ¶¶ 1-2).  Defendant Allstate is incorporated under the laws of the

State of Illinois with its principal place of business in Illinois.  (Doc. 1,

Notice of Removal ¶ 4).  Additionally, the amount in controversy exceeds

$75,000.[1]  Because complete diversity of citizenship exists among the

parties and the amount in controversy exceeds $75,000, the court has

---

[1] Where an appropriate claim for punitive damages is made, the amount in controversy requirement is generally met "because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." Huber v. Taylor, 532 F.3d 237, 244 (3d Cir. 2008) (internal citation, emphasis and quotation marks omitted).  Here, plaintiff has made a claim for punitive damages under Count II–bad faith.  Thus, the amount in controversy is met because the court cannot find to a legal certainty that the value of plaintiff's claims are below the statutory threshold.

jurisdiction over the case.  <u>See</u> 28 U.S.C. § 1332 ("district courts shall have

original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and

is between . . . citizens of different States[.]");  28 U.S.C. § 1441 (A

defendant can generally remove a state court civil action to federal court if

the federal court would have had original jurisdiction to address the matter

pursuant to the diversity jurisdiction statute).  As a federal court sitting in

diversity, the substantive law of Pennsylvania applies to the instant case.

<u>Chamberlain v. Giampapa</u>, 210 F.3d 154, 158 (3d Cir. 2000) (citing <u>Erie</u>

<u>R.R. v. Tompkins</u>, 304 U.S. 64, 78 (1938)).

**Legal Standard**

The court tests the sufficiency of the complaint's allegations when

considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the

complaint must be viewed as true and in the light most favorable to the

non-movant to determine whether, "'under any reasonable reading of the

pleadings, the plaintiff may be entitled to relief.'"  <u>Colburn v. Upper Darby</u>

<u>Twp.</u>, 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting <u>Estate of Bailey by</u>

<u>Oare v. Cnty. of York</u>, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must

describe "'enough facts to raise a reasonable expectation that discovery

3

will reveal evidence of' [each] necessary element" of the claims alleged in

the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir.

2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

Moreover, the plaintiff must allege facts that "justify moving the case

beyond the pleadings to the next stage of litigation."  Id. at 234-35.  In

evaluating the sufficiency of a complaint the court may also consider

"matters of public record, orders, exhibits attached to the complaint and

items appearing in the record of the case."  Oshiver v. Levin, Fishbein,

Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations

omitted).  The court does not have to accept legal conclusions or

unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of

Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v.

Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

Defendants move to dismiss Count II - statutory bad faith under

Pennsylvania law.  Pennsylvania's insurance bad faith statute authorizes

recovery for an insurance company's bad faith towards an insured.  42 PA.

CONS. STAT. ANN. § 8371.  It provides for several remedies upon a finding

of bad faith: (1) an award of "interest on the amount of the claim" at a rate

4

equal to "the prime rate of interest plus 3%"; (2) an award of "punitive

damages against the insurer"; and/or (3) an assessment of "court costs

and attorney fees against the insurer." Id.  Pennsylvania courts have

adopted the following definition of "bad faith" on the part of an insurer:

> any frivolous or unfounded refusal to pay proceeds of a policy; it
> is not necessary that such refusal be fraudulent. For purposes of
> an action against an insurer for failure to pay a claim, such
> conduct imports a dishonest purpose and means a breach of a
> known duty (*i.e.*, good faith and fair dealing), through some
> motive of self-interest or ill will; mere negligence or bad judgment
> is not bad faith.

Perkins v. State Farm Ins. Co., 589 F. Supp. 2d 559, 562 (M.D. Pa. 2008)

(citing Terletsky v. Prudential Property & Casualty Ins. Co., 649 A. 2d 680,

688 (Pa. Super. Ct. 1994); see also Nw. Mut. Life Ins. Co. v. Babayan, 430

F. 3d 121, 137 (3d Cir. 2005) (predicting the Pennsylvania Supreme Court

would define "bad faith" according to the definition set forth in Terletsky).

The Third Circuit Court of Appeals has adopted the Pennsylvania

Superior Court's  legal standard for testing the sufficiency of bad faith

claims under Section 8371, "both elements of which must be supported

with clear and convincing evidence: (1) that the insurer lacked a

reasonable basis for denying benefits; and (2) that the insurer knew or

recklessly disregarded its lack of reasonable basis."  Klinger v. State Farm

5

Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (citing Terletsky, 649 A.2d at 688).  While this test represents the general criteria, the Third Circuit has recognized that bad faith conduct extends to "a frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured."  Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 751 n.9 (3d Cir. 1999).

Here, the court determines that plaintiff has adequately pled a bad faith cause of action.  Plaintiffs allege that defendant failed to adequately investigate plaintiffs' claim, and engaged in dilatory and abusive claims handling.  Plaintiffs aver that the defendants did not have a reasonable basis to deny plaintiffs' claim, whereas a proper investigation would have revealed that the claim was covered.  Read in conjunction with plaintiffs' factual averments, these allegations may satisfy the elements of a cause of action under Section 8371.  Accordingly, defendants' motion to dismiss plaintiffs' bad faith claim will be denied.

**Conclusion**

For the reasons set forth above, defendants' motion to dismiss will be denied.  An appropriate order follows.

6

DATE:4/27/2015                    s/ James M. Munley
                                  JUDGE JAMES M. MUNLEY
                                  United States District Court